UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RANDALL BUTLER, | ) | 1:03cv6822 OWW DLB |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO FILE FIRST AMENDED |
| v. | ) | COMPLAINT |
| | ) | |
| FEDERAL EXPRESS CORPORATION, et al., | ) | (Document 63) |
| | ) | |
| Defendants. | ) | |

Plaintiff Randall Butler ("Plaintiff") filed the instant motion to file a first amended complaint on April 27, 2005. The matter was heard on May 27, 2005, before the Honorable Dennis L. Beck, United States Magistrate Judge. Nicholas Wagner appeared on behalf of Plaintiff. William Hahesy appeared on behalf of Defendant Federal Express Corporation ("Defendant" or "FedEx").

**BACKGROUND**

Plaintiff worked as a courier for FedEx until FedEx terminated his employment in December 2002. Plaintiff filed an action in the Fresno County Superior Court alleging disability discrimination in violation of California Government Code section 12940 et seq., ("California Fair Employment and Housing Act" or "FEHA"), breach of the employment contract, and breach of the covenant of good faith and fair dealing.

1

1   On December 13, 2003, the action was removed from the Fresno County Superior Court
2   on the basis of diversity jurisdiction. On May 28, 2004, the Court issued a Scheduling
3   Conference Order requiring that discovery be completed by December 15, 2004, non-dispositive
4   motions be filed by December 30, 2004, and dispositive motions be filed by January 14, 2005.

5   In January 2005, the parties filed cross-motions for summary judgment. On April 4,
6   2005, the Court granted Defendant's summary judgment motion in part and dismissed the causes
7   of action for breach of the employment contract and breach of the covenant of good faith and fair
8   dealing. The only remaining claim alleges disability discrimination pursuant to California
9   Government Code section 12940(a).

10  A pre-trial conference was held on June 13, 2005, before the Honorable Oliver W.
11  Wanger. Trial is scheduled for November 1, 2005.

12  Plaintiff filed the instant motion requesting leave to file a first amended complaint on
13  April 27, 2005. Plaintiff seeks to add additional claims to his cause of action under FEHA.

14  Defendant filed its opposition on May 10, 2005.

15  Plaintiff filed his reply on May 20, 2005.

### **FACTS**

17  Plaintiff worked for Defendant from August 30, 1999, until September 25, 2002, as a
18  courier for the Fresno station. On May 13, 2000, he was involved in an automobile accident
19  while driving a FedEx vehicle. He injured his right knee, right shoulder, head, neck, right elbow
20  and lower back. By May 31, 2000, Plaintiff's hand and right knee had recovered, but his other
21  medical problems persisted. In July 2000, Plaintiff was released to return to work with no
22  restrictions and resumed his usual job duties as a full-time courier.

23  By letter dated September 26, 2002, Defendant advised Plaintiff that "a review of his
24  medical status indicates that he has reached maximum medical improvement and is permanently
25  incapable of performing the essential functions of his position as a courier/DOT, with or without
26  reasonable accommodation." Plaintiff was placed on 90 day medical leave, during which time
27  Defendant sent him job postings for other positions within FedEx. Plaintiff did not express an
28  interest in any other jobs and was terminated on December 26, 2002.

Plaintiff contends that he was terminated because of a perceived disability and that he was fully capable of performing his usual and customary duties at the time of his termination. Defendant contends that Plaintiff was disabled and incapable of performing the essential functions of his position, with or without accommodation.

## DISCUSSION

A.   Legal Standard

Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984). Granting or denial of leave to amend rests in the sound discretion of the trial court. Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996). Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

B.   Analysis[1]

Plaintiff's sole claim alleges that Defendant terminated his employment because he was perceived to have a physical disability (section 12940(a)). Plaintiff seeks to add two claims to his cause of action under FEHA for failure to provide a reasonable accommodation (section 12940(m)) and failure to engage in the interactive process (section 12940(n)). Section 12940(m) provides that it is an unlawful employment practice to "fail to make reasonable accommodation for the known physical or mental disability" of an employee. Section 12940(n) provides that it is

---

[1] In its opposition, Defendant argues that this motion is procedurally improper because Plaintiff did not first request modification of the Scheduling Conference Order, which set December 30, 2004, as the deadline for filing all non-dispositive motions. Assuming modification was necessary, the Court will nonetheless review the motion on the merits because, as discussed below, the amendment will not be allowed.

an unlawful employment practice for an employer to "fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodations" by an employee with a known disability.

Plaintiff admits that because of the theory of his case (that he was not disabled), neither he nor his attorney "ever thought of the case as one which concerned a failure by FedEx to reasonably accommodate him for a 'known disability.'" Plaintiff argues that the amendment is necessary because FedEx, in its defense, argues that Plaintiff was disabled and unable to perform the essential functions of the job and that it provided reasonable accommodations[2]. Plaintiff contends that even if FedEx can prove that he was disabled, liability can be imposed for failing to provide reasonable accommodations or failing to engage in the interactive process, and that the amendment is necessary to clarify that damages can be awarded for these failures.

Pointing to the parties' statement of facts in the Scheduling Conference Order[3], the parties' arguments in support of summary judgment[4], and Defendant's Statement of Undisputed Facts in support of summary judgment[5], Plaintiff states that the issue of reasonable accommodation is already before the Court. Plaintiff also states that an abundance of discovery has been conducted on the reasonable accommodation issue. Plaintiff contends that "because it

---

[2] FedEx' contentions are not new and Plaintiff has been aware of them since early in this litigation.

[3] In the Scheduling Conference Order, Defendant claimed that Plaintiff "failed to interact with FedEx during its efforts to locate a non-courier position..." Plaintiff contended that if he had a disability, FedEx was required to make reasonable accommodations and failed to do so.

[4] In arguing for summary judgment, Defendant contended that Plaintiff did not interact with it in regards to accommodation.

[5] Facts 55-78 explain that by letter dated September 26, 2002, Plaintiff was told that he was placed on a 90 day leave during which he would have to accept another position falling within his medical restrictions, or he would be terminated at the end of his leave. The letter explained that Plaintiff would be given placement preference for any lateral or lower level job that he was qualified for, that positions could possibly be restructured to accommodate his restrictions, and that he could submit an unlimited number of applications. Plaintiff was offered a customer service agent position in San Raphael, but did not want to leave Fresno. There were no positions in Fresno that Plaintiff was qualified for, with or without reasonable accommodations, available during the 90 day leave.

appears that the Court may see FedEx's failure to provide 'reasonable accommodation as a separate claim, it should be pled."[6]

Indeed, as the Court set forth in the order on the parties' motions for summary judgment, a cause of action for disability discrimination under 12940(a) and a cause of action for failure to accommodate or engage in the interactive process pursuant to 12940(m) and (n) are separate claims. Contrary to Plaintiff's assertion that the new causes of action may be part of his original cause of action, California law establishes that a cause of action for disability discrimination under 12940(a) and failure to accommodate under 12940(m) are separate.[7]

In Jensen v. Wells Fargo Bank, 85 Cal.App.4th 245, 256 (2000), the court explained that there are "important differences" in the elements of a 12940(a) disability claim and a 12940(m) failure to accommodate claim. In a 12940(a) claim, the elements of the plaintiff's prima facie case are (1) that he suffered from a disability or was otherwise regarded as disabled; (2) that he was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation; and (3) that he was subject to an adverse employment action because of his disability (or perceived disability). Jensen, 85 Cal.App.4th at 255; Deschene v. Pinole Steel Co., 76 Cal.App.4th 33, 40 (1999); Brundage v. Hahn, 57 Cal.App.4th 228, 236 (1997).

Although the elements of a failure to accommodate claim are similar, they are not identical and illustrate the differences between the claims. To state a prima facie case under 12940(m), the plaintiff must demonstrate (1) that he suffered from a disability or was otherwise regarded as disabled; (2) that he was otherwise qualified to perform the essential functions of the

---

[6] Plaintiff points to the Court's order on summary judgment, which states, "Plaintiff does not allege Defendant's failure to accommodate in the Complaint but raises it for the first time in the Opposition to Defendant's Motion for Summary Judgment." (Emphasis added by Plaintiff) The Court then distinguishes between the two causes of action and declines to review the reasonable accommodation claim because it was not pled in the complaint.

[7] The analysis focuses on the distinctions between a claim for disability discrimination and a claim for failure to accommodate under 12940(m). A claim under 12940(m) and a claim for failing to engage in the interactive process pursuant to 12940(n) are somewhat intertwined, so that a claim for failing to engage in the interactive process will not likely exist where there is no claim for failure to accommodate. See eg. Jensen v. Wells Fargo Bank, 85 Cal.App.4th 245, 262-263 (2000) (setting forth the elements of a 12940(m) claim without deciding whether a separate claim under FEHA exists for failing to engage in the interactive process).

position with reasonable accommodation; and (3) that the employer failed to provide a reasonable accommodation. <u>Jensen</u>, 85 Cal.App.4th at 256.

In Plaintiff's moving papers and at the hearing, it became apparent that Plaintiff's understanding of the elements of his prima facie case for disability discrimination is different than those set forth above. Plaintiff believes that the *employer* has the burden of proving that an employee could not perform the essential functions of the job, with or without a reasonable accommodation. Given the cases and statutory authority cited by Plaintiff, it appears Plaintiff has misunderstood the elements of his prima facie case and the possible defenses as mutually exclusive. However, an aspect of reasonable accommodations is part of *both* Plaintiff's prima facie case and Defendant's defense. As explained above, as part of his prima facie case, Plaintiff must demonstrate that he is a qualified individual; that is, that he can perform the essential functions of the position with or without reasonable accommodations. If Plaintiff proves his prima facie case, the burden shifts to Defendant to offer a legitimate, nondiscriminatory reason for the employment action. <u>Brundage</u>, 57 Cal.App.4th at 236. As part of Defendant's case, it may assert the defense that Plaintiff was unable to perform his job, even with reasonable accommodations. <u>See</u> Cal.Code Regs., tit. 2, § 7293.8; <u>Ackerman v. Western Electric Co., Inc.</u>, 860 F.2d 1514 (9th Cir. 1988). Defendant may also demonstrate that an accommodation is not reasonable because it would pose an undue hardship.

Because the two causes of action are separate, Plaintiff's complaint only alleges a cause of action for disability discrimination under 12940(a). The Court must therefore determine whether Plaintiff should be allowed to amend the complaint.

Defendant argues that it will be substantially prejudiced if leave to amend is granted because it will not be able to conduct specific discovery on the new claims as the discovery cut-off has passed and the case is ready for trial. Defendant also argues that Plaintiff has unreasonably delayed in seeking the amendment, given that summary judgment has been decided and the motion was filed on the eve of the pre-trial conference.

Defendant is correct. Allowing an amendment at this late date, where the non-dispositive motion and discovery deadlines have passed and the case is scheduled for trial, would cause

1  undue delay and substantial prejudice.  Plaintiff claims that discovery has been conducted on the
2  proposed amendments, but this argument is based on a misunderstanding of the elements of the
3  claims, as discussed above.  Because the proposed amendments involve different elements, the
4  completed discovery was not likely directed at the specific issues, or conducted in sufficient
5  detail.  For example, although discovery involved the issue of reasonable accommodation, the
6  discovery was not likely specific to the issue of reasonable accommodations as it relates to a
7  12940(m) or (n) claim.  Allowing Plaintiff's amendment would require re-opening discovery and
8  would require another round of dispositive motions and a resulting delay in the November 1,
9  2005, trial date.  See Solomon v. North American Life & Cas. Ins. Co., 151 F.3d 1132, 1139 (9th
10 Cir. 1998) (district court properly denied motion to amend where it would have required re-
11 opening discovery, thus delaying the proceedings).

12     Accordingly, to the extent Plaintiff seeks to add a cause of action setting forth
13 Defendant's duty to provide a reasonable accommodation under 12940(m) and duty to engage in
14 the interactive process under 12940(n), his motion is DENIED.

15     IT IS SO ORDERED.

16 **Dated:    June 14, 2005**                    /s/ Dennis L. Beck
   3b142a                                        UNITED STATES MAGISTRATE JUDGE